**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| _____ ) | | |
| PRISOLOGY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 14-0969 (ABJ) |
| | ) | |
| FEDERAL BUREAU OF PRISIONS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ ) | | |

## MEMORANDUM OPINION

Plaintiff Prisology, Inc. has brought this action against the Federal Bureau of Prisons ("BOP"), alleging that defendant has failed to make certain records publicly available as it is required to do under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 *et seq.* (2012). Plaintiff seeks declaratory and injunctive relief pursuant to FOIA and the Administrative Procedure Act (APA), 5 U.S.C. §§ 701–706 (2012). Compl. [Dkt. # 1]. Defendant has moved to dismiss under Federal Rule of Civil Procedure 12(b)(1) on the grounds that plaintiff lacks standing to bring the case. Def.'s Mot. to Dismiss ("Def.'s Mot.") [Dkt. # 8]; Def.'s Mem. in Supp. of Mot. to Dismiss ("Def.'s Mem.") [Dkt. # 8-1]. Because the Court finds that plaintiff has not sufficiently alleged an injury in fact as required for Article III standing, the Court will grant defendant's motion to dismiss.

## BACKGROUND

Plaintiff is a Texas non-profit organization that advocates for criminal justice reform. Compl. ¶ 2. Plaintiff alleges that defendant has failed to comply with the statutory requirement

that federal agencies make available via "computer telecommunications" the following types of

agency records created on or after November 1, 1996:

> (A)  final opinions, including concurring and dissenting opinions, as well as orders, made in the adjudication of cases;
>
> (B)  those statements of policy and interpretations which have been adopted by the agency and are not published in the Federal Register; [and]
>
> (C)  administrative staff manuals and instructions to staff that affect a member of the public . . . ."

*Id.* ¶¶ 5–6, quoting 5 U.S.C. § 552(a)(2).  Specifically, plaintiff alleges that defendant "refuses to

make available numerous qualifying records via computer telecommunications means," *id.* ¶ 6,

including, but not limited to:

> (1) responses to administrative remedy requests and appeals from each BOP institution, Regional Office, and the BOP's Central Office; (2) private settlements outside of litigation between the BOP and its employees, inmates, and other persons; (3) grants and denials of requests for compassionate release; (4) all settlements, compromises, and rejections of claims made pursuant to the Federal Tort Claims Act and Inmate Accident Compensation Program; and (5) Disciplinary Hearing Officer reports reflecting agency adjudication of serious prison disciplinary charges.

*Id.* ¶ 7.  Plaintiff seeks a declaration that these categories of records are subject to FOIA's

electronic disclosure requirements, and it asks the Court to issue an injunction under the APA

requiring defendant to make those records electronically available.  *Id.* ¶ 8.

Defendant moved to dismiss this action for lack of standing because plaintiff "has not

alleged that it suffered any injury as a result of BOP's alleged non-compliance with the E-FOIA

requirements."[1]  Def.'s Mem. at 3.  Plaintiff opposed the motion.  Pl.'s Mem. of P. & A. in Opp. to Def.'s Mot. ("Pl.'s Opp.") [Dkt. # 9].  In its reply, defendant also advanced other grounds for the dismissal of plaintiff's claims:  that plaintiff lacks standing because it failed to identify with specificity the information that defendant allegedly failed to make available, and that plaintiff failed to state a claim upon which relief can be granted, requiring dismissal pursuant to Rule 12(b)(6).  Def.'s Reply in Supp. of Mot. to Dismiss ("Def.'s Reply") [Dkt. # 11].  Defendant's "arguments as to failure to state a claim . . . raised for the first time in [its] reply briefing, are waived."  *King v. District of Columbia*, No. 11-CV-1124, 2012 WL 1077683, at *2 n.1 (D.D.C. Mar. 30, 2012) (internal citations omitted), citing *Penn. Elec. Co. v. F.E.R.C.*, 11 F.3d 207, 209 (D.C. Cir. 1993) ("We have said before, and we say again, that ordinarily we will not consider arguments raised for the first time in a reply brief.").  But because standing was raised in defendant's initial motion, and "Article III standing is a prerequisite to federal court

---

1       Defendant also moved to dismiss for lack of standing because plaintiff "has not alleged that [it] submitted a FOIA request to BOP for information which was denied."  Def.'s. Mem. at 3–4.  Defendant later withdrew this argument, stating that "[w]hen a plaintiff seeks qualifying records pursuant to 5 U.S.C. § 552(a)(2), a FOIA request is not necessary and agencies are to make qualifying records available automatically through their [FOIA] reading room."  Def.'s Reply in Supp. of Mot. to Dismiss ("Def.'s Reply") [Dkt # 11] at 1 n.1, citing *Jordan v. U.S. Dep't of Justice*, 591 F.2d 753, 756 (D.C. Cir. 1978); *Tereshchuk v. Bureau of Prisons*, No. 09-1911(RCL), 2014 WL 4637028, at *8 (D.D.C. Sept. 16, 2014).  The Court agrees that agencies are required by section 552(a)(2) to make certain documents available without any FOIA request.  *See, e.g.*, *Schindler Elevator Corp. v. United States ex rel. Kirk*, 131 S. Ct. 1885, 1894 (2011), citing 5 U.S.C. §§ 552(a)(1)–(2) ("FOIA requires agencies to release some records even absent a request.")  However, as discussed below, the filing of such a request – and its subsequent denial by the agency – may provide evidence of the injury suffered by that party relevant to its standing to bring suit.

jurisdiction," *American Library Ass'n v. FCC*, 401 F.3d 489, 492 (D.C. Cir. 2005), the Court will examine plaintiff's standing to bring its claims.[2]

## STANDARD OF REVIEW

### I.     Motion to Dismiss for Lack of Subject Matter Jurisdiction

In evaluating a motion to dismiss under either Rule 12(b)(1) or 12(b)(6), the Court "must treat the complaint's factual allegations as true, and must grant plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'"   *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000) (internal citations omitted), quoting *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979); *see also Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011).   Nevertheless, the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions.  *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002); *see also Speelman v. United States*, 461 F. Supp. 2d 71, 73 (D.D.C. 2006).

Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Gen. Motors Corp. v. EPA*, 363 F.3d 442, 448 (D.C. Cir. 2004) ("As a court of limited jurisdiction, we begin, and end, with an examination of our jurisdiction.").   "[B]ecause subject-matter jurisdiction is 'an Art[icle] III as well as a statutory requirement . . . no action of the parties can confer subject-matter jurisdiction upon a federal court.'" *Akinseye v. District of*

---

2       Because "[t]he party invoking federal jurisdiction bears the burden of establishing the[] elements" of standing, *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992), and because the Court looks to the face of the complaint to determine its jurisdiction, *see Haase v. Sessions*, 835 F.2d 902, 908 (D.C. Cir. 1987), it is irrelevant that defendant raised additional standing arguments in its reply, without providing plaintiff an opportunity to respond.  Plaintiff has the duty to plead facts sufficient to support standing in its complaint, and was therefore not prejudiced by defendant's assertion of a new standing argument in its reply.

*Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003), quoting *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982).

Under Rule 12(b)(1), the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Shekoyan v. Sibley Int'l Corp.*, 217 F. Supp. 2d 59, 63 (D.D.C. 2002). When faced with a Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction, a court has "an affirmative obligation to consider whether the constitutional and statutory authority exist" permitting it to hear the case. *James Madison Ltd. v. Ludwig,* 82 F.3d 1085, 1092 (D.C. Cir. 1996) (internal quotation marks omitted). "For this reason, 'the [p]laintiff's factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a claim.'" *Nat'l Sec. Counselors v. CIA*, 931 F. Supp. 2d 77, 88 (D.D.C. 2013) (alterations in original), quoting *Grand Lodge of Fraternal Order of Police v. Ashcroft,* 185 F. Supp. 2d 9, 13–14 (D.D.C. 2001) (internal quotation marks omitted).

When considering a motion to dismiss for lack of jurisdiction, unlike when deciding a motion to dismiss under Rule 12(b)(6), the court "is not limited to the allegations of the complaint." *Hohri v. United States*, 782 F.2d 227, 241 (D.C. Cir. 1986), *vacated on other grounds*, 482 U.S. 64 (1987). Rather, "a court may consider such materials outside the pleadings as it deems appropriate to resolve the question [of] whether it has jurisdiction to hear the case." *Scolaro v. D.C. Bd. of Elections & Ethics*, 104 F. Supp. 2d 18, 22 (D.D.C. 2000), citing *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992); *see also Jerome Stevens Pharms., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005).

## II.    Article III Standing

To invoke federal jurisdiction, a party must allege an actual case or controversy to overcome the threshold requirement imposed by Article III of the Constitution. *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983). "To state a case or controversy under Article III, a plaintiff must establish standing." *Ariz. Christian Sch. Tuition Org. v. Winn*, 131 S. Ct. 1436, 1442 (2011); *see also Lujan*, 504 U.S. at 560. Standing is a necessary predicate to any exercise of federal jurisdiction, and if it is lacking, then the dispute is not a proper case or controversy under Article III, and federal courts do not have subject matter jurisdiction to decide the case. *Dominguez v. UAL Corp.*, 666 F.3d 1359, 1361 (D.C. Cir. 2012). "When there is doubt about a party's constitutional standing, the court must resolve the doubt, *sua sponte* if need be." *Lee's Summit v. Surface Transp. Bd.*, 231 F.3d 39, 41 (D.C. Cir. 2000).

To determine jurisdiction, the Court looks to the face of the complaint. *Haase v. Sessions*, 835 F.2d 902, 908 (D.C. Cir. 1987). To comply with the Article III standing requirements, a plaintiff must show that: "(1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 180–81 (2000).

"An organization can have standing on its own behalf, or on behalf of its members." *Abigail Alliance for Better Access to Developmental Drugs v. Eschenbach*, 469 F.3d 129, 132 (D.C. Cir. 2006) (internal citations omitted). To assert standing as an organization, an organizational plaintiff must allege "such a personal stake in the outcome of the controversy as to warrant the invocation of federal-court jurisdiction," and must show "concrete and

demonstrable injury to the organization's activities – with [a] consequent drain on the organization's resources – constitut[ing] . . . more than simply a setback to the organization's abstract social interests." *Nat'l Taxpayers Union, Inc. v. United States,* 68 F.3d 1428, 1433 (D.C. Cir. 1995) (alteration in original) (internal quotation marks omitted).  To assert standing on behalf of its members, the plaintiff organization must show that:  "(1) at least one of its members would have standing to sue in his own right, (2) the interests the association seeks to protect are germane to its purpose, and (3) neither the claim asserted nor the relief requested requires that an individual member of the association participate in the lawsuit." *Sierra Club v. EPA*, 292 F.3d 895, 898 (D.C. Cir. 2002).

Since the elements of standing are "an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation." *Lujan*, 504 U.S. at 561.

## ANALYSIS

Defendant moved to dismiss this action for lack of standing under Rule 12(b)(1) because plaintiff  "has not alleged that it suffered any injury as a result of BOP's alleged non-compliance with the E-FOIA requirements."  Def.'s Mem. at 3.  And a review of the complaint confirms that this case does not turn upon an analysis of the strength of plaintiff's allegations:  the complaint is devoid of *any* claims – even conclusory ones – that plaintiff has suffered or will suffer actual harm as a result of defendant's conduct.

Plaintiff alleges only that it is a nonprofit organization that advocates for criminal justice reform, and that defendant has failed to satisfy its duties under FOIA to make certain records publicly available.   Compl. ¶¶ 2, 6–7.  In its opposition to the motion to dismiss, plaintiff

contends that this is sufficient:  it takes the position that since FOIA grants plaintiff a legal right to access the records in question, defendant's interference with that right – through its refusal to publish those records – gives rise to an injury for Article III purposes.  Pl.'s Opp. at 2.

Plaintiff is correct that "[t]he actual or threatened injury required by Art[icle] III may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Warth v. Seldin*, 422 U.S. 490, 500 (1975) (internal quotation marks omitted).  But plaintiff overlooks the Supreme Court's admonition that "[Statutory] broadening [of] the categories of injury that may be alleged in support of standing is a different matter from abandoning the requirement that the party seeking review *must himself have suffered an injury*." *Lujan*, 504 U.S. at 578 (alterations in original) (emphasis added) (internal quotation marks omitted).  As the Court put it: "it is clear that in suits against the Government, at least, the concrete injury requirement must remain." *Id.*; *see also Lake Mohave Boat Owners Ass'n v. Nat'l Park Serv.*, 78 F.3d 1360, 1368 (9th Cir. 1995) ("[A]n individual may not raise an FOIA claim based on an agency's failure to publish a rule or regulation, unless he makes an initial showing that he was adversely affected by the lack of publication.") (internal quotation marks omitted).

Here, plaintiff has failed to point to any injuries sustained, by the organization itself or by its members, as a result of defendant's conduct.  The complaint notes simply that plaintiff is a "non-profit organization that advocates for criminal justice reform."  Compl. ¶ 2.  While plaintiff explains in its opposition that it "accomplishes its mission through various projects, which includes information dissemination to the public via social media and other mediums about criminal justice practices," Pl.'s Opp. at 1 (footnote omitted), it has alleged no facts that would enable a court to conclude that plaintiff has been harmed by defendant's conduct in any concrete or particularized way.

The Third Circuit has addressed a similar issue in the FOIA context, and it upheld a grant of summary judgment against the plaintiff on standing grounds. *Penn., Dep't of Pub. Welfare v. Sebelius*, 674 F.3d 139 (3d Cir. 2012). The plaintiff had alleged that the agency in question failed to create an adequate index of agency materials as required by section 552(a)(2) of FOIA, and that the lack of an adequate index had hampered its counsel's ability to represent the plaintiff effectively before the agency. *Id.* at 156. The Third Circuit determined that the plaintiff's "vague and indefinite allegations are inadequate to establish injury-in-fact," and that the plaintiff failed to "cure this deficiency by identifying any concrete information or cases that it was unable to find, or any other description of how this inability actually hampered its representation before the [agency]." *Id.* at 156–57.

While plaintiff's claim in this case does not center on the FOIA indexing provision, and it involves the provision requiring federal agencies to make certain information available electronically instead, the Court finds the *Sebelius* case to be instructive. And here, the plaintiff has done even less than the *Sebelius* plaintiff to articulate precisely the injury it has sustained as a result of defendant's alleged withholding. Rather, plaintiff's injury, if any, appears to be the type of generalized grievance widely recognized as insufficient to constitute the injury in fact necessary for standing purposes. *See Lujan*, 504 U.S. at 573–74 ("[A] plaintiff raising only a generally available grievance about government – claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large – does not state an Article III case or controversy.").

It is true that in *Zivotofsky ex rel. Ari Z. v. Secretary of State*, 444 F.3d 614 (D.C. Cir. 2006), the D.C. Circuit stated:

> The Supreme Court has recognized that "Congress may enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute." . . .
>
> A common example of such a statute is the Freedom of Information Act ("FOIA"). Anyone whose request for specific information has been denied has standing to bring an action; the requester's circumstances – why he wants the information, what he plans to do with it, what harm he suffered from the failure to disclose – are irrelevant to his standing.  The requester is injured-in-fact for standing purposes because he did not get what the statute entitled him to receive.

*Id.* at 617–18 (internal citations omitted), quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 617 n.3 (1973).  But that commentary does not govern the instant situation.  In *Zivotofsky*, the D.C. Circuit used the FOIA situation as an analogy when resolving the standing question before it.  In that process, it observed that it is a particular request for particular information that confers standing upon a FOIA plaintiff, and that there is no need for proof of *further* injury caused by the denial of a request.  But that language involving the actual denial of a specific request for particular material is not sufficiently broad to cover plaintiff's grievance here about how defendant is complying with the law in general.

Because plaintiff has failed to assert an actual or imminent particularized injury, it lacks standing to bring this case, and the Court must dismiss plaintiff's FOIA claim.  And because plaintiff's APA claim "presumes that [defendant's] conduct with respect to its FOIA obligations and policies has injured [plaintiff] in some way," plaintiff's failure to state an injury in fact for FOIA purposes is similarly fatal to its standing to assert an APA claim.  *See Feinman v. FBI*, 680 F. Supp. 2d 169, 176 (D.D.C. 2010).

## CONCLUSION

For the reasons stated above, the Court finds that plaintiff lacks standing to bring this case under FOIA and the APA. The Court will therefore grant defendant's motion to dismiss. A separate order will issue.

AMY BERMAN JACKSON
United States District Judge

DATE: November 17, 2014